IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LINDA B. TOLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:06-cv-965-WC |
| | )          [wo] |
| MICHAEL ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for disability insurance benefits income under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, Linda B. Toler ("Toler") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner.

*Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Toler, age 46 at the time of the hearing, has an eighth grade education.  Toler's past work experience includes employment as a certified nursing assistant and day care worker.  She has not engaged in substantial gainful work activity since the alleged onset date of February 5, 2003.  Her application for benefits under the Act cited problems with lungs, liver, kidney, and high blood pressure.  The ALJ found Toler was severely impaired by early right carpal tunnel syndrome, minimal; small central disc bulge C2-3 with minimal mass effect on the spinal cord; possible neuropathy, lower extremities; impression of possible chronic fatigue syndrome, secondary to depression from illness; possible osteoarthritis right shoulder/muscle spasm/pain and low back pain.  The ALJ concluded Toler did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ found Toler's allegations of pain and limitations were disproportionate to the objective medical evidence, and that she retained the residual functional capacity ("RFC")  to perform work, with a sit/stand option, and listed limitations.  The ALJ found Toler could perform her past relevant work as a day care worker, in addition to other jobs cited by the vocational expert as within her abilities.  Accordingly,  the ALJ concluded Toler  is not disabled.[1]

---

[1] R.  28-29.  The ALJ's disability analysis followed the  five-step sequential evaluation process set forth in 20 C.F.R. §404.1520  and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

### III.  ISSUES

Toler specifies two issues for this judicial review:[2]

1. Whether the ALJ erred by failing to credit the opinions of Toler's treating physicians.

2. Whether the ALJ's findings regarding Toler's RFC address the entire period at issue.

### IV.  DISCUSSION

**1.  <u>The ALJ correctly weighed the treating physicians' opinions.</u>**

Toler argues the ALJ should have accorded greater weight to the opinions of disability by her treating physicians. The Commissioner responds the ALJ articulated a number of valid reasons for discrediting the cited opinions.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241, citing *Lewis.* When assessing medical evidence, an "ALJ [is] required to state with particularity the weight

---

[2]*See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #13, filed February 13, 2007) *and* Order filed November 1, 2006 (Doc. #3) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

[given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam). Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6). "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

Toler was hospitalized from February 20, 2003 to March 29, 2003 for pneumonia with sepsis, elevated liver functions secondary to sepsis; acute renal failure, acute respiratory failure, hypertension, and congestive heart failure.[3] The discharge summary prepared by treating physician Dr. Steven E. Dekich showed Toler had a good prognosis due to no traces of pneumonia, sepsis resolved, liver function normalized, renal function normalized, and renal failure resolved.[4] The record shows Dr. Dekich made several evaluations of Toler after her hospitalization, in April, June, of September of 2003, and January, February, and June of 2004.[5] Although the majority of these evaluations by Dr. Dekich describe Toler's history of

---

[3] R. at 20.

[4] R. at 155.

[5] R. at 289, 286, 283, 281, 275, 274.

pneumonia, liver failure, and polyneuropathy, they also note her improvement, or lack of complaint besides weakness and gastric discomfort.[6] In June, 2004, Dr. Dekich wrote he "suspected" Toler's weakness rendered her permanently disabled. These treatment notes reference tests performed by a referral physician, Dr. Chivukula, but Dr. Dekich also acknowledged that he had not seen those results.[7] Dr. Chivukula ordered a CAT Scan to be performed on Toler, from which the radiologist concluded the "vast majority of the cervical spine is normal," but noted a "small central disc protrusion at the C3 level with minimal mass effect on the cord."[8]

The ALJ explained he gave little weight to Dr. Dekich's opinion which "suspected" Toler was disabled because his reports failed to "reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness."[9] Even though Dr. Dekich made reference to Dr. Chivukula's findings - which Dr. Dekich admittedly not seen - reliance on these tests does not aid Toler because the CAT Scan found "small central disc protrusion at the C3 level with minimal mass effect on the cord." The ALJ included this protrusion among Toler's

---

[6]R. at 289, 286, 283, 281, 275.

[7]R. at 274.

[8]R. at 270-71.

[9]R. at 24.

severe impairments, but apparently did not find it disabling due to the "*minimal* mass effect".[10] Rather, the ALJ gave substantial weight to an opinion by Dr. Kahing Chan which evaluated Toler's functional abilities, and found she could perform work-related activities such as sitting, standing, walking, lifting, carrying, and handling object, with limits imposed by shoulder pain and carpal tunnel syndrome. The ALJ found this opinion to be supported by clinical examinations and testing.[11]

A second treating opinion from Dr. Robert Bartel emphatically concluded Toler has been "unable to be gainfully employed on a sustained basis" since her hospitalization in February-March, 2003.[12] In addition to restating Toler's hospitalization and recovery period, Dr. Bartel opined she was impaired by chronic fatigue syndrome, central disc protrusion, polyneuropathy, hypertension, chronic pain, arthritis, and depressive disorder. The ALJ devoted considerable attention to discounting Dr. Bartel's opinion. He cited Dr. Bartel's heavy reliance upon Toler's own statements, infrequent examination of Toler, an absence of clinical and laboratory findings to support his finding of disability, and prescription of "mild" pain medication.[13] *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (approving ALJ's review of plaintiff's prescribed medications to help determine severity of pain, and

---

[10]R. at 29.

[11]R. at 24, 314-17.

[12]R. at 291.

[13]R. at 26.

consistency with allegations). Because Dr. Bartel's actual course of treatment in Toler's case was inconsistent with his opinion, rendering it the type of opinion which may be discounted by the ALJ.. *Phillips, id.*   Dr. Bartel also cited an opinion by Dr. Lewis Slavich as support for his opinion.[14]  Reliance on Dr. Slavich's examination for a finding of disability is misplaced, as Dr. Slavich noted Toler's chronic fatigue and depression may present a mental impairment, he did not find any objective physical impairments to her performance of work-related tasks.[15]

The ALJ cited his own responsibility for determining whether Toler was disabled, thus providing an additional basis for discounting opinions from Drs. Dekich and Bartel.[16]  The opinions as to Toler's inability to work in the future were legal conclusions by these physicians, as opposed to objective medical findings to be weighed in a disability determination.  *Lewis,* 125 F.3d. at 1440.  Neither opinion was supported by objective medical findings, or detail any physical problems as could be expected in a medical report.

The court finds the ALJ did not err in his treatment of the opinions from Drs. Dekich and Bartel regarding Toler's inability to engage in gainful employment.  His use of the opinions is adequately explained in the administrative determination, and his decision should be affirmed, as it is supported by substantial evidence in the record.

---

[14]R. at 290.

[15]R. at 299.

[16]R. at 26-27.

**B.     The ALJ correctly evaluated Toler's residual functional capacity.**

Toler argues the ALJ erred by failing to find her disabled for a minimum of twelve months. The Commissioner responds the record does not support a finding of disability under the Social Security Act.

Toler's argument depends heavily upon her 2003 hospitalization and recovery period to establish disability.[17] She notes a finding by a state disability specialist that her recovery would be slow, but she would be able to resume daily activities within twelve months of the onset of her condition.[18] This state finding does not help Toler meet the durational requirement for disability under the Act. *See* 20 C.F.R. § 404.1520 (requiring impairment to last for a continuous period of twelve consecutive months).

Toler cites her repeated diagnosis of chronic fatigue and persistent weakness as being inadequately considered by the ALJ. The ALJ noted Dr. Bartel's strong reliance on Toler's subjective complaints of fatigue, which he discredited as disproportionate to the objective medical evidence.[19] The ALJ supported his credibility finding through reference to the lack of diagnostic studies or observable signs associated with the pain alleged by Toler, and her own inconsistent statements as to her abilities and activities.[20] *Dyer, id.* at 1211. His

---

[17]Pl. Br. at 5.

[18]Pl. Br. at 5; R. at 99.

[19]R. at 26, 27.

[20]R. at 27.

9

decision cited Toler's activities including caring for her personal needs on a regular basis, preparation of meals, housecleaning, laundry, daily walks or car rides, climbing stairs, watching/comprehending television programs, church responsibilities, and caring for her children and pets. *See Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (Stating that an ALJ should consider objective medical evidence of the claimant's impairments, the daily activities, allegations of pain and other aggravating factors, "functional limitations," and treatment before finding that claimant's regular domestic activities were "inconsistent with her allegation of disability.").

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. *See* 20 C.F.R. §§ 404.1512, 416.912; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 1999). Toler's challenge to the ALJ's RFC finding is unique because the only evidence in the record finding her unable to work - for any reason - were the conclusory opinions of Drs. Dekich and Bartel, discussed above. Thus, Toler has failed to establish that she is truly impaired by fatigue or weakness. Thus, the court finds that the ALJ did not err in his RFC finding.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**  A separate judgment is entered herewith.

Done this 27 day of August, 2007.

           /s/ Wallace Capel, Jr.
           WALLACE CAPEL, JR.
           UNITED STATES MAGISTRATE JUDGE